**SHU KUI LI, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 05–3110–ag.

United States Court of Appeals, Second Circuit.

June 6, 2006.

---

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of     New York, sitting by designation.

122

Michael Brown, New York, NY, for Petitioner.

R. Alexander Acosta, United States Attorney, Southern District of Florida, Anne R. Schultz, Chief, Appellate Division, Lisette M. Reid, Kathleen M. Sayer, Assistant United States Attorneys, Miami, FL, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. CHESTER J. STRAUB, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Shu Kui Li petitions for review of the BIA's May 19, 2005 decision denying his motion to reopen and reconsider the BIA's February 4, 2005 affirmance of the decision of Immigration Judge ("IJ") Paul De-Fonzo denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (per curiam). The BIA did not abuse its discretion in denying Li's

motion to reconsider. In support of the motion to reconsider, Li offered three new reasons for his failure to include in his initial written asylum application that he was slapped by police during a confrontation in 1999. Li did not make any new legal arguments or point to any facts that the IJ or BIA overlooked, but rather tried to rectify an omission for which he was faulted by the IJ and BIA. The motion to reconsider was not the appropriate forum to introduce new explanations for previous omissions. *See Matter of Guevara,* 20 I. & N. Dec 238, 1990 WL 385763 (BIA 1990).

■ In support of his motion to reopen, Li also claimed that he had married a woman who began practicing Falun Gong in the United States and that he had sent Falun Gong materials to his family in China. He stated that the Chinese authorities intercepted the package and have repeatedly visited his parents' house to advise his parents to urge him to return to China. The BIA found that Li's new evidence would not materially affect the outcome of his case, as it did not sufficiently rectify the original deficiencies that caused the IJ and BIA to find him not credible. This Court recently held that "with respect to petitions for both asylum and withholding of removal, an applicant may prevail on a theory of future persecution despite an IJ's adverse credibility ruling as to past persecution, *so long as the factual predicate of the applicant's claim of future persecution is independent of the testimony that the IJ found not to be credible." Paul v. Gonzales,* 444 F.3d 148, 154 (2d Cir. 2006) (emphasis in original). Here, the IJ found that Li was not credible as to his claim that he was a Falun Gong practitioner. The BIA affirmed the IJ's decision, holding that Li failed to establish that he was a victim of mistreatment in China on account of his practice of Falun Gong. The BIA did not abuse its discretion in finding that lack of detail and failure to corroborate the claim caused Li not to be credible.

*See In re S–A–,* 21 I. & N. Dec. 1050, 1997 WL 737701 (BIA 1997) (denying motion to reopen based on insufficiently detailed affidavit). Because the new information dealt with the same subject matter with regard to which the IJ found Li not to be credible—*i.e.,* his practice of Falun Gong and the resulting consequences—and the BIA rationally determined that Li's new claim was not credible and lacking in detail, the BIA did not abuse its discretion in determining that the new information would not materially affect the agency's previous adverse credibility determination. Additionally, there is nothing in Li's submission indicating that his marriage to a woman who began practicing Falun Gong in the United States would subject him to future persecution in China.

For the foregoing reasons, the petition for review is DENIED.